*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* HALL, Minors.

UNPUBLISHED
February 17, 2022

No. 357167
Kent Circuit Court
Family Division
LC Nos. 19-050449-NA;
  19-050450-NA; 19-050451-NA

Before: BOONSTRA, P.J., and RONAYNE KRAUSE and CAMERON, JJ.

PER CURIAM.

Respondent appeals by right the trial court's order terminating his parental rights to three minor children, BH, JH, and AH, under MCL 712A.19b(3)(*i*) (conditions of adjudication continue to exist), MCL 712A.19b(3)(g) (failure to provide proper care and custody), and MCL 712A.19b(3)(j) (reasonable likelihood of harm to child if returned to the parent).[1] We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

In March 2019, petitioner, the Department of Health and Human Services (DHHS), petitioned the trial court to remove BH, JH, and AH from respondent's care, alleging in relevant part that respondent had physically abused BH and had sexual intercourse with the children's mother in front of them; the petition also noted his history of committing domestic violence and the substantiated sexual abuse of an unrelated child. Respondent admitted to the allegations in the petition and the trial court exercised jurisdiction over the children.

Over the next two years, DHHS provided respondent with numerous services to help him rectify his barriers to reunification, including parenting classes, psychological assessments, therapy sessions, housing programs, and parenting-time visits. However, respondent only sporadically participated in the services that the DHHS provided him and he missed more than half

---

[1] The children's mother was a party to the proceedings below, and voluntarily released her parental rights. She is not a party to this appeal. This opinion's use of "respondent" refers only to respondent-father.

of his parenting-time visits with the children. Additionally, respondent failed to contact BH's therapist to reinstate his parenting-time visits after they were suspended when BH's behavior worsened after they occurred.

A termination hearing was held in March 2021. Following the hearing, trial court terminated respondent's parental rights as described. This appeal followed.

## II. STATUTORY GROUNDS FOR TERMINATION

Respondent argues that the trial court erred by finding that statutory grounds for termination had been proven by clear and convincing evidence. We disagree. At a termination hearing, the petitioner bears the burden of establishing by clear and convincing evidence a statutory ground for termination of parental rights under MCL 712A.19b(3). See *In re Moss*, 301 Mich App 76, 80; 836 NW2d 182 (2013). "This Court reviews for clear error the trial court's factual findings and ultimate determinations on the statutory grounds for termination." *In re White*, 303 Mich App 701, 709; 846 NW2d 61 (2014). "A finding is clearly erroneous if, although there is evidence to support it, this Court is left with a definite and firm conviction that a mistake has been made." *In re Ellis*, 294 Mich App 30, 33; 817 NW2d 111 (2011). When reviewing a trial court's factual findings, we give deference to the special opportunity of the trial court to judge the credibility of the witnesses who appeared before it. *In re Miller*, 433 Mich 331, 337; 445 NW2d 161 (1989); see also MCR 2.613(C).

The trial court terminated respondent's parental rights under MCL 712A.19b(3)(c)(*i*), (g), and (j). Those provisions state, in relevant part:

> (3) The court may terminate a parent's parental rights to a child if the court finds, by clear and convincing evidence, 1 or more of the following:
>
> * * *
>
> (c) The parent was a respondent in a proceeding brought under this chapter, 182 or more days have elapsed since the issuance of an initial dispositional order, and the court, by clear and convincing evidence, finds either of the following:
>
> (*i*) The conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age.
>
> * * *
>
> (g) The parent, although, in the court's discretion, financially able to do so, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age.
>
> * * *

(j) There is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent.

Termination under MCL 712A.19b(3)(c)(*i*) is appropriate "when the conditions that brought the children into foster care continue to exist despite time to make changes and the opportunity to take advantage of a variety of services[.]" *White*, 303 Mich App at 710 (quotation marks and citation omitted).

The initial dispositional order in this case was entered on April 30, 2019. The termination hearing was held on March 18, 2021. The time between the dispositional review and the beginning of the termination hearing was thus more than 182 days. MCL 712A.19b(3)(c)(*i*).

According to the initial petition, respondent's barriers to reunification with the children included housing instability, domestic violence, and substantiated sexual abuse of a minor. Although petitioner referred respondent to a psychological evaluation, therapy sessions, and housing resources, DHHS caseworkers testified at multiple review hearings, and at the termination hearing, that respondent was not engaging in those services or benefiting from them. Additionally, respondent never provided evidence that he had maintained stable housing. As stated, respondent was inconsistent in attending parenting time visits. Respondent never completed any service specifically aimed at addressing his sexual abuse of a minor.

Given respondent's sporadic and inconsistent engagement with the services he was provided, this Court is not left with a definite and firm conviction that a mistake has been made. See *Ellis*, 294 Mich App at 33. The totality of the evidence amply supports that respondent "had not accomplished any meaningful change" in the conditions that led to adjudication by the time of the termination hearing. *In re Williams*, 286 Mich App 253, 272; 779 NW2d 286 (2009).

Respondent's caseworkers testified that, in January 2021, respondent was living with a relative in a house that did not have enough bedrooms for the residents who were already living there (much less three additional children). By the time of the termination hearing in March 2021, respondent had lost even that housing and was homeless. Respondent was unable to rectify his housing instability in the almost two years since the case began, and was unable to follow his service plan, demonstrating that he was not able to provide proper care and custody for his children. See *id*.

The trial court did not clearly err when it found by a preponderance of evidence that the conditions that led to adjudication continued to exist, with no expectation that they would be rectified in a reasonable time. This Court is not left with a definite and firm conviction that a mistake has been made. See *Ellis*, 294 Mich App at 33.

Additionally, although only one statutory ground for termination need be proven, see *In re Olive/Metts Minors*, 297 Mich App 35, 41; 823 NW2d 144 (2012), we note, with respect to MCL 712A.19b(3)(g), that "[a] parent's failure to participate in and benefit from a service plan is evidence that the parent will not be able to provide a child proper care and custody." *White*, 303 Mich App at 710. The trial court did not err by terminating respondent's parental rights under that subrule. Moreover, under MCL 712A.19b(3)(j), harm can include either physical or emotional

harm. See *In re Hudson*, 294 Mich App 261, 268; 817 NW2d 115 (2011). "[A] parent's failure to comply with the terms and conditions of his or her service plan is evidence that the child will be harmed if returned to the parent's home." *White*, 303 Mich App at 711.

Caseworkers consistently testified that respondent did not comply with his parenting service plan. Furthermore, respondent did not complete services specifically designed to address his sexual abuse of a minor or his physical abuse of BH. And respondent did not engage with BH's therapist in order to begin parenting-time visits with BH again.

It is clear from the record that respondent had a history of physically harming, emotionally harming, or neglecting the people around him, including his children. He failed to demonstrate any significant change or progress through participation in services. The record supports the conclusion that the children would be at substantial risk of physical or emotional harm if they were returned to respondent's care. The trial court did not clearly err by finding that MCL 712A.19b(3)(j) was established by clear and convincing evidence.

## III. BEST-INTEREST DETERMINATION

Respondent also argues that the termination of his parental rights was not in the best interests of the children. We disagree. "Once a statutory ground for termination has been proven, the trial court must find that termination is in the child's best interests before it can terminate parental rights." *Olive/Metts Minors*, 297 Mich App at 40. "[W]hether termination of parental rights is in the best interests of the child must be proved by a preponderance of the evidence." *In re Moss*, 301 Mich App at 90. We review for clear error the trial court's holding regarding best interests. *In re Schadler*, 315 Mich App 406, 408; 890 NW2d 676 (2016). "A finding is clearly erroneous if, although there is evidence to support it, this Court is left with a definite and firm conviction that a mistake has been made." *Ellis*, 294 Mich App at 33. With respect to the children's best interests, this Court places its focus on the children rather than the parent. *Moss*, 301 Mich App at 87.

"The trial court should weigh all the evidence available to determine the children's best interests." *White*, 303 Mich App at 713. "In deciding whether termination is in the child's best interests, the court may consider the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home." *Olive/Metts*, 297 Mich App at 41-42 (citations omitted). "The trial court may also consider a parent's history of domestic violence, the parent's compliance with his or her case service plan, the parent's visitation history with the child, the children's well-being while in care, and the possibility of adoption." *White*, 303 Mich App at 714.

In this case, the trial court was presented with evidence that respondent had committed domestic violence, neglected his children, and sexually abused a child. The trial court found by a preponderance of evidence that termination of his parental rights was in the children's best interests. Furthermore, the children's caseworkers testified that each child had become bonded with their foster family, that the children's medical needs were being addressed by their foster families, and that BH and AH were developing a sibling bond by being together. This was in contrast to the lack of bond that the children each had with respondent. Additionally, it was

reported that respondent did not ask about BH's well-being and that BH did not ask to see his father.

The children's well-being while in the care of their foster families, as contrasted to their well-being while in the care of respondent, demonstrates that termination and adoption were in their best interests. See *id*. Furthermore, respondent's lack of parenting ability, and his unwillingness to take consistent steps to resolve his housing instability or other issues, demonstrates that termination was in the children's best interests. See *Olive/Metts*, 297 Mich App at 41-42. Given the evidence presented in this case, this Court is not left with a definite and firm conviction that a mistake has been made in the trial court's best-interest determination. See *Ellis*, 294 Mich App at 33.

Affirmed.

/s/ Mark T. Boonstra
/s/ Amy Ronayne Krause
/s/ Thomas C. Cameron